MUTUAL FIRE & CASUALTY AGENCY
v. EUGENE ATKINSON, JR. & CO. *
et al.
No. 14890.

Court of Appeal of Louisiana. Orleans.
March 4, 1935.

Lavinius L. Williams, of New Orleans, for appellant.

A. D. Danziger, of New Orleans, for appellee.

LECHE, Judge.

The Mutual Fire & Casualty Agency, a partnership composed of H. D. Richardson and H. Dickson, brought this suit for $1,168.-22, alleged as premiums due on certain policies of fire insurance against defendants, Eugene Atkinson, Jr. & Co., and the Shippers' Compress & Warehouse Company, Inc. Judgment was rendered in favor of plaintiff against Eugene Atkinson, Jr. & Co., from which judgment that defendant has appealed.

All the negotiations in this matter were handled on behalf of plaintiff by Mr. Dickson, one of the partners, and on behalf of defendants by Mr. Eugene Atkinson, Sr. It appears that the property which was the subject of the insurance in question was owned by the New Orleans & Northeastern Railroad Company, being located in the city of New Orleans in the square bounded by Chartres, Press, Dauphine, and Montegut streets. The property was in fact leased by the Shippers' Compress & Warehouse Company, Inc., but, at the time the arrangements for the fire insurance were being made, plaintiff was under the impression that it was leased by Eugene Atkinson, Jr. & Co. Eugene Atkinson, Jr. & Co. had its office at 845 Union street, Mr. Eugene Atkinson, Sr., occupying the same office, which also appears at that time to have been the office of the Shippers' Compress & Warehouse Company, Inc., of which Mr. Eugene Atkinson, Jr., was the president. On August 4, 1931, Mr. Dickson, representing

plaintiff, called at this office with the following agreement:

"New Orleans, August 4th, 1931.

"Messrs. Eugene Atkinson, Jr. & Co., No. 823 Perdido Street, New Orleans, La.

"Gentlemen: As evidencing the verbal agreement made between your firm and the Writer, we are issuing today policy No. 317661 Mill Owners Mutual Fire Insurance Company, for $21000.00 in name of New Orleans & Northeastern Railroad Company, for your account as Lessee, at a rate of Forty-five cents per hundred, with the understanding and agreement upon your part, that you will install sprinkler system in the premises insured within sixty days from this date.

"The Louisiana Rating Bureau advise us that as the premises insured are not now occupied, and were intended for freight sheds, that they cannot name a rate to cover the risk until your contemplated improvements are complete, though they have agreed to promulgate a rate of Forty-five cents on these premises, when the present improvements under way are completed: In view of these conditions, it is our understanding and agreement, that should fire ensue at any time during the next sixty days, or before the contemplated improvements are complete and sprinkler protection actually in force, that you will pay on any loss sustained and paid under the above policy, an increased rate of premium, on an annual basis, at such rate as may be determined by the Louisiana Rating Bureau as applicable to the risk on the date such loss is sustained.

"Should the contemplated improvements, and/or, sprinkler system not be complete within sixty days from this date, you agree to pay such actual pro-rata of annual rate as the Louisiana Rating Bureau may determine as applicable to the risk up to the time their new rate of Forty-five cents shall be properly applicable.

"Very truly yours,
"[Signed] Helion Dickson,
Manager.
"Accepted:
"[Signed] Eugene Atkinson, Jr. & Co."

Mr. Eugene Atkinson, Sr., signed the acceptance of this document on behalf of Eugene Atkinson, Jr. & Co., Mr. Eugene Atkinson, Jr., never appearing in the picture until the trial of this case. It appears that the contemplated improvements, which consisted principally of a sprinkler system as mentioned in the above agreement, were not completed within the 60-day period, nor were they completed in time to obtain the lower rate of insurance mentioned therein. The policies of insurance were issued in the name of the New Orleans & Northeastern Railroad Company as the insured, and on order of Mr. Eugene Atkinson, Sr., were delivered to them.

The defense is that Mr. Eugene Atkinson, Sr., had no authority to contract on behalf of, or to bind, Eugene Atkinson, Jr. & Co., but the record does not bear this out. The lease from the New Orleans & Northeastern Railroad Company called for insurance to be furnished that company, and this lease was negotiated for by Mr. Eugene Atkinson, Sr., on behalf of the Shippers' Compress & Warehouse Company, Inc. The transaction for insurance was entirely handled on behalf of Eugene Atkinson, Jr. & Co. by Mr. Atkinson, Sr., whose signature also appears on the records of the Hibernia Bank & Trust Company as one of those authorized to sign checks for and on behalf of Eugene Atkinson, Jr. & Co. Mr. Atkinson, Sr., had his office in the same place as Eugene Atkinson, Jr. & Co., and appears to have been not only the guiding genius of that company, but of the Shippers' Compress & Warehouse Company, Inc., as well.

The learned trial judge was of the opinion that Eugene Atkinson, Jr. & Co. was liable for these premiums, and the record convinces us that his judgment is not manifestly erroneous. The actions and conduct of Eugene Atkinson, Jr. & Co. in permitting Mr. Atkinson, Sr., to conduct the negotiations on their behalf and in their interest estop them from denying the authority of Mr. Atkinson, Sr., and, as the policies were ordered by them and for their benefit, they are clearly liable for the premiums; the testimony of Messrs. Atkinson, Jr. and Sr., being in our opinion sufficient to establish this liability, even if the other testimony were entirely disregarded.

For the reasons assigned, the judgment appealed from is hereby affirmed.

Affirmed.